(163 App. Div. 495)

### CITY OF NEW YORK v. BEERS. (No. 6005.)

(Supreme Court, Appellate Division, First Department. July 10, 1914.)

DOMICILE (§ 4*)—EVIDENCE.

> One who for about ten years lived in a town from May until November in each year and then moved to a city with his family, and occupied a rented house for the season, and who has for about ten years voted at the town at both state and local elections, and for for the last ten years has been assessed for personal property taxes there, and who in a judicial proceeding to which he was a party within the ten years treated the county in which the town was located as his legal domicile, is a legal resident of the town.

> [Ed. Note.—For other cases, see Domicile, Cent. Dig. §§ 5–23; Dec. Dig. § 4.*]

Appeal from Trial Term, New York County.

Action by the City of New York against Lucius H. Beers, trustee of the estate of Robert Stewart. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, DOWLING, and HOTCHKISS, JJ.

Franklin B. Lord, of New York City, for appellant.
William H. King, of New York City, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HOTCHKISS, J. Defendant claims to have been a resident of Westhampton since July, 1910. It appears that since 1904 he has lived at Westhampton from May until November in each year. In November, it is his custom to move with his family to New York City, where he rents a house for the season. Since 1903, he has voted at Westhampton at both state and local elections, and he is and for the last ten years past has been assessed for personal taxes in the town of Southhampton, which includes the village of Westhampton. In certain judicial proceedings to which he was a party, he has, within the period last referred to, treated Suffolk as the county of his legal domicile. In 1901 the defendant obtained a writ of certiorari to review his personal assessment in this city for the year 1901. The writ was dismissed, the court holding on the record before it that the defendant was a resident of this city and liable to taxation here. It appeared in the certiorari proceedings that defendant's course of life with respect to his several domiciles in Westhampton and New York City and the period of his use of each was practically the same as appears upon the record before us. It further appeared, however, that the defendant had voted in the city of New York at the election in 1900, and on this ground defendant was held to have elected to consider this city as his place of residence, and so was liable to be assessed here. People ex rel. Beers v. Feitner, 40 Misc. Rep. 368, 82 N. Y. Supp. 258.

I think that inasmuch as defendant has since the period involved in the certiorari proceedings elected to adopt Westhampton as his voting place, and has by other acts shown an unequivocal intention to adopt Westhampton as his legal residence, these facts must be accepted as determinative of his intent, and that the judgment should be reversed, with costs, and the complaint dismissed, with costs. All concur.

---

(162 App. Div. 888)

### In re PENFIELD.

(Supreme Court, Appellate Division, Second Department. June 26, 1914.)

1. INSANE PERSONS (§ 33*)—INQUISITIONS—FINDINGS—SUFFICIENCY.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 44–46, 48, 50, 51, 59; Dec. Dig. § 33.*]

2. INSANE PERSONS (§ 33*)—INQUISITIONS—REVIEW.